UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JORGE ALBERTO AVILA NAVARRO,<br><br>          Defendant. | CR. NO. 2:07-0332 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Jorge Alberto Avila Navarro's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 29.)  The motion urges this court to disregard the U.S. Sentencing Commission's mandate that any court order reducing a term of imprisonment based on its reduction of certain drug-trafficking guidelines shall not take effect until November 1, 2015.  As explained further below, the language of § 3582(c)(2) as well as Supreme Court and Ninth Circuit precedent bar defendant's request.

1

1    I.    Factual and Procedural History

2         On August 2, 2007, the grand jury returned an

3    Indictment charging defendant with possessing methamphetamine

4    with the intent to distribute it.  (Docket No. 6.)   Defendant

5    pleaded guilty pursuant to a written plea agreement with the

6    government on October 10, 2008.  (Docket No. 23.)

7         Judge Garcia held a sentencing hearing on December 19,

8    2008.  (Docket No. 26.)   Defendant was sentenced at a total

9    offense level of thirty-three and a criminal history category of

10   II.  (See PSR ¶¶ 23, 30.)   Under the 2008 Sentencing Guidelines,

11   the resulting guideline range was 151 to 188 months.  (See id. ¶

12   16.)   Based on the government's motion, defendant received a

13   reduction from the low end of the applicable range and was

14   ultimately sentenced to 113 months imprisonment.  (See Def.'s

15   Mot. ¶ 3; Docket No. 26.)

16        In 2014, the U.S. Sentencing Commission issued

17   Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."),

18   reducing guidelines ranges for certain drug offenses by two

19   offense levels.  In accordance with Congress's directive in 28

20   U.S.C. § 994(u), the Commission further determined that Amendment

21   782 should have retroactive effect for those currently serving

22   terms of imprisonment.  See U.S.S.G. App. C, Amend. 788 at 87

23   (Reason for Amendment).  In response to public safety and

24   administrative concerns, the Commission also determined that

25   there should be a one-year delay in the amendment's effect.  See

26   id.  Accordingly, the Commission amended the policy statement

27   applicable to sentence reduction proceedings, U.S.S.G. § 1B1.10,

28   to provide that "[t]he court shall not order a reduced term of

                                    2

1  imprisonment based on Amendment 782 unless the effective date of

2  the court's order is November 1, 2015, or later."  Id.; U.S.S.G.

3  § 1B1.10(e)(1).

4         On March 12, 2014, defendant filed the instant motion

5  for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

6  Defendant states that Amendment 782 retroactively reduces his

7  total offense level to thirty-one, with an applicable guideline

8  range of 121 to 131 months.  (Def.'s Mot. ¶ 4.)  With a further

9  reduction comparable to the one he originally received, defendant

10  requests a total sentence reduction to 91 month imprisonment,

11  which accounting for the time he has already served would result

12  in his immediate release.  (Id.)

13         However, defendant states that the Bureau of Prisons

14  has projected his release date under his current sentence as

15  September 9, 2015.[1]  (Def.'s Reply at 3.)  Accordingly, defendant

16  will likely complete his original term approximately two months

17  before an order modifying his sentence under Amendment 782 could

18  take effect.  (See Def.'s Mot. ¶¶ 5-7.)

19  II.  Discussion

20         Section 3582(c)(2) provides:

21  The court may not modify a term of imprisonment once
    it has been imposed except that . . . in the case of a
22  defendant who has been sentenced to a term of
    imprisonment based on a sentencing range that has
23  subsequently been lowered by the Sentencing Commission
    pursuant to 28 U.S.C. 994(o), . . . the court may
24  reduce the term of imprisonment, after considering the

25  _____

26     [1]    Defendant states this date is a projection that assumes
    he will benefit from the full extent of good conduct time accrued
27  during his term.  (Def.'s Reply at 3.)  He could still lose his
    good conduct time while in custody, resulting in his projected
28  release date moving to a date after November 1, 2015.  (Id.)

                              3

1             factors set forth in section 3553(a) to the extent
2             that they are applicable, if such a reduction is
            consistent with applicable policy statements issued by
3             the Sentencing Commission.

4 18 U.S.C. § 3582(c)(2).  "Section 3582(c)(2) instructs a district

5 court to 'conside[r] the factors set forth in section 3553(a) to

6 the extent that they are applicable,' but it authorizes a

7 reduction on that basis only 'if such a reduction is consistent

8 with applicable policy statements issued by the Sentencing

9 Commission'--namely, § 1B1.10."  Dillon v. United States, 560

10 U.S. 817, 826 (2010).  Courts have thus interpreted the statute

11 to establish a "two-step inquiry."  See id. at 826-27.  "A court

12 must first determine that a reduction is consistent with § 1B1.10

13 before it may consider whether the authorized reduction is

14 warranted, either in whole or in part, according to the factors

15 set forth in § 3553(a)."  Id. at 826.

16         Under step one, any reduction of defendant's sentence

17 pursuant to § 3582(c)(2) must be consistent with the Commission's

18 policy statement in § 1B1.10.  See Dillon, 560 U.S. at 826.  The

19 court may thus grant the sentence modification defendant requests

20 only if "the effective date of the court's order is November 1,

21 2015, or later."  See U.S.S.G. § 1B1.10(e)(1).

22         Nevertheless, defendant makes several arguments in

23 support of his contention that the court should disregard

24 § 1B1.10(e)(1).  First, defendant points to § 3582(a)'s

25 instruction that "in determining whether to impose a term of

26 imprisonment, and . . . in determining the length of the term,"

27 the court must "recognize[e] that imprisonment is not an

28 appropriate means of promoting correction and rehabilitation."

1    18 U.S.C. § 3582(a).  This instruction is echoed in Congress's

2    directive that the Commission "shall insure that the guidelines

3    reflect the inappropriateness of imposing a sentence to a term of

4    imprisonment for the purpose of rehabilitating the defendant or

5    providing the defendant with needed educational or vocational

6    training, medical care, or other correctional treatment."  28

7    U.S.C. § 994(k).

8            In the official commentary to the 2014 Guidelines, the

9    Commission states that part of its rationale for delaying the

10   release of otherwise eligible offenders was to

11           ensure that . . . all offenders who are to be released
             have the opportunity to participate in reentry
12           programs and transitional services, such as placement
             in halfway houses, while still in the custody of the
13           Bureau of Prisons, which increase their likelihood of
             successful reentry into society and thereby promotes
14           public safety.

15   U.S.S.G. App. C, Amend. 788 (2014).  Defendant argues that this

16   rationale violates Congress's directive and that enforcement of

17   § 1B1.10(e)(1) thus amounts to an impermissible use of

18   imprisonment for the purpose of providing correctional treatment.

19   (Def.'s Mem. at 4-8.)

20           This argument conflates defendant's request to modify

21   his sentence under § 3582(c)(2) with the imposition or

22   lengthening of a term of imprisonment under § 3582(a).  The

23   Supreme Court has stated that § 3582(c)(2) authorizes "only a

24   limited adjustment to an otherwise final sentence and not a

25   plenary resentencing proceeding," Dillon, 560 U.S. at 826, and

26   that "the sentence-modification proceedings authorized by

27   § 3582(c)(2) are readily distinguishable from other sentencing

28

                                    5

1  proceedings," id. at 830.  This distinction arises in part from

2  the "substantial role" that Congress gave the Commission in

3  sentence-modification proceedings.  See id. at 826.  "A court's

4  power under § 3582(c)(2) . . . depends in the first instance on

5  the Commission's decision not just to amend the Guidelines but to

6  make the amendment retroactive" as well as "the Commission's

7  statements dictating 'by what amount' the sentence of a prisoner

8  serving a term of imprisonment affected by the amendment 'may be

9  reduced.'"  Id. (quoting 28 U.S.C. § 994(u)).

10         Defendant argues that § 3582(a) applies to sentencing

11  adjustments by pointing to Tapia v. United States, 131 S. Ct.

12  2382 (2011).  Tapia held that § 3582(a)'s "recognizing" clause

13  "precludes sentencing courts from imposing or lengthening a

14  prison term to promote an offender's rehabilitation."  See id. at

15  2385, 2388-91.  However, Tapia and other cases that have applied

16  § 3582(a) have done so only when imposing or lengthening a term

17  of imprisonment.  See id. at 2385 (involving the lengthening of a

18  prison term at the initial sentencing hearing); United States v.

19  Grant, 664 F.3d 276, 280 (9th Cir. 2011) (involving a prison term

20  imposed upon revocation of supervised release).  In contrast,

21  motions under § 3582(c)(2) may only reduce a term of

22  imprisonment.[2]  See 18 U.S.C. § 3582(c)(2) (stating that "the

23  court may reduce the term of imprisonment").

24         Moreover, even if the court extended Tapia's holding to

---

25         [2]   In Tapia, the government apparently argued that
26  "Congress did not intend to prohibit courts from imposing less
    imprisonment in order to promote a defendant's rehabilitation."
27  Tapia, 131 S. Ct. at 2390 n.5.  However, the Court found that the
    case did not require it to address that question and stated that
28  "nothing in our decision expresses any views on it."  Id.

1  sentence reductions under § 3582(c)(2), the Commission offered

2  several additional reasons for the one-year delay in § 1B1.10(e)

3  beyond the need for prisoners to participate in reentry programs.

4  The Commission stated that a delayed effective date is needed "to

5  give courts adequate time . . . to make an individualized

6  determination in each case of whether a sentence reduction is

7  appropriate" and "to permit those agencies that will be

8  responsible for offenders after their release to prepare for the

9  increased responsibility."  U.S.S.G. App. C, Amend. 788 at 87-88

10  (2014).  Section § 3582(a) is silent with regard to such

11  considerations and therefore does not preclude the court from

12  relying on them as independent justifications for abiding by

13  § 1B1.10(e)(1)'s delay.

14          Next, defendant contends that the Commission's

15  selection of November 1, 2015, as the earliest possible release

16  date is arbitrary, capricious, and contrary to the Commission's

17  statutory authority.  (Def.'s Mem. at 8-12.)  Defendant argues

18  that it is therefore not entitled to deference.  (Id. at 9

19  (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,

20  467 U.S. 837, 844 (1984)).)

21          This argument is precluded by circuit precedent.  The

22  Ninth Circuit has held that the Commission is not an "agency"

23  subject to the requirements of the Administrative Procedures Act

24  ("APA").  United States v. Tercero, 734 F.3d 979, 984 (9th Cir.

25  2013) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 17

26  F.3d 1446, 1450 (D.C. Cir. 1994)).  Moreover, Congress's

27  requirement that the Commission hold public hearings when

28  promulgating the Guidelines does not extend to policy statements.

1  Id. (citing 18 U.S.C. § 994(a)(1), (a)(2), (x)).  The APA's

2  "arbitrary and capricious" standard of review thus does not apply

3  to the Commission's promulgation of § 1B1.10(e).  See id. ("[T]o

4  the extent Tercero relies on cases in which we have reviewed

5  agency decisions under the APA's 'arbitrary and capricious'

6  standard, those cases do not apply to the Commission's

7  promulgation of § 1B1.10.").

8          Finally, defendant argues that the Commission's special

9  instruction in § 1B1.10(e) violates constitutional principles of

10 separation of powers.  (Def.'s Mem. at 12-13.)  The Supreme Court

11 has generally rejected separation of powers challenges to the

12 Commission's structure and authority.  See, e.g., Mistretta v.

13 United States, 488 U.S. 361, 412 (1989).  The Ninth Circuit also

14 recently rejected a specific challenge to § 1B1.10 in United

15 States v. Davis, 739 F.3d 1222 (9th Cir. 2014), explaining that

16      Congress vested the Commission with the power to issue
        policy statements regarding the appropriate use of
17      § 3582(c)(2) proceedings, and Congress bound the
        courts to those policy statements by requiring that
18      any sentence reduction be consistent with applicable
        policy statements.  Although the Commission crafted
19      § 1B1.10(b), it is Congress that has made policy
        statements available as a general matter and binding
20      on the courts.  Section 1B1.10(b) does not offend
        separation of powers principles because it is simply
21      the result of an exercise of Congress's power to
        control the scope of judicial discretion regarding
22      sentencing.

23

24 Id. at 1226 (internal citations omitted).  Although defendant

25 points out that Davis interpreted subsection (b) of § 1B1.10, not

26 subsection (e), he offers no compelling reason for distinguishing

27 between the two.  Congress directed the Commission to "specify in

28 what circumstances and by what amount the sentences of prisoners

8

serving terms of imprisonment . . . may be reduced."  28 U.S.C.

994(u).  Both subsections (b) and (e) appear to do exactly that.

Accordingly, the court is unable to grant defendant a

sentence modification pursuant to Amendment 782 with immediate

effect consistent with § 1B1.10.[3]

IT IS THEREFORE ORDERED that defendant's motion for

reduction of sentence pursuant to § 3582(c)(2) be, and the same

hereby is, DENIED.

Dated:  April 20, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]    Defendant also argues his status as a deportable non-citizen undercuts the Commission's rationales for imposing a one-year delay.  Defendant provides no authority to support the materiality of his status and the "reasons for the enactment of the one-year delay" appear to have been made in a press release from July 18, 2014.  (See Def.'s Mem. at 13-16.)  Accordingly, the court is not persuaded that defendant's status has any bearing on the applicability of § 1B1.10(e).